1  MAYALL HURLEY P.C.
   ROBERT J. WASSERMAN (SBN: 258538)
2  rwasserman@mayallaw.com
   JOHN P. BRISCOE (SBN: 273690)
3  jbriscoe@mayallaw.com
   RACHEL ALLGAIER (SBN: 318664)
4  rallgaier@mayallaw.com
5  2453 Grand Canal Boulevard
   Stockton, California 95207-8253
6  Telephone: (209) 477-3833
   Facsimile: (209) 473-4818
7

8  Attorneys for Plaintiff Joanna Ramirez and the Putative FLSA Collective

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11 | JOANNA RAMIREZ, an individual, | Case No.: 2:20-CV-01671-KJM-CKD |
|---|---|
| Plaintiff, | SECOND AMENDED COLLECTIVE AND INDIVIDUAL COMPLAINT |
| vs. | COLLECTIVE ACTION CLAIM |
| WESTERN REFINING RETAIL, LLC, a limited liability company; | 1. FAILURE TO PROPERLY CALCULATE AND PAY OVERTIME |
| Defendant. | INDIVIDUAL CLAIMS |
| | 2. FAILURE TO PROPERLY CALCULATE AND PAY OVERTIME |
| | 3. FAILURE TO PROPERLY CALCULATE AND PAY SICK LEAVE |
| | 4. FAILURE TO PAY ALL WAGES DUE AT END OF EMPLOYMENT |
| | 5. FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS |
| | 6. FAILURE TO PROVIDE REST PERIODS OR PAY PREMIUMS |
| | JURY TRIAL DEMANDED |

Plaintiff Joanna Ramirez brings this collective and individual action against Western Refining Retail, LLC, a limited liability company for violations of the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code.[1]

## PARTIES

1. Joanna Ramirez ("Ramirez" or "Plaintiff") is and at all times relevant herein was employed in San Joaquin County, California, and was an "employee" as defined by the Fair Labor Standards Act, as well as the California Labor Code and the applicable California Industrial Wage Commission ("IWC") Order(s).

2. Western Refining Retail, LLC ("WRR" or "Defendant") is an Ohio limited liability company formed under the laws of Delaware.

3. At all times relevant herein, WRR has been an "employer" under the Fair Labor Standards Act, as well as the Labor Code and the applicable California Industrial Wage Commission ("IWC") Order(s).

## JURISDICTION, VENUE, AND JURY TRIAL DEMAND

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, subdivision (d). This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the unlawful acts alleged herein took place in San Joaquin County, California and Plaintiff's place of employment with Defendant was within this District. Plaintiff hereby demands a jury trial.

## GENERAL ALLEGATIONS

5. Ramirez was hired by WRR in or around March 2019 as an Assistant Manager/Night Manager at WRR's Speedway gas station and convenience store in Stockton, California. Ramirez's employment with WRR ended on or around April 6, 2020.

---

[1] All subsequent references to the "Labor Code" and the "Business and Professions Code" shall refer to the California Labor Code and the California Business and Professions Code, respectively.

6.      At all times throughout her employment with WRR, Ramirez was eligible for overtime pay (under both federal and California law) and indeed worked in excess of forty hours per workweek on a regular basis.

7.      Ramirez and WRR's other hourly, nonexempt employees were also eligible for and at times received nondiscretionary bonuses, commissions, and other items of compensation. (**Exhibit 1.**[2])

8.      However, WRR willfully failed to properly calculate and pay overtime wages owed to Ramirez and its other hourly, nonexempt employees throughout their employment.

9.      Specifically, WRR failed to include commissions, nondiscretionary bonuses, and other items of compensation when determining Ramirez's and its other hourly, nonexempt employees' regular rate of pay for purposes of calculating and paying overtime wages.

10.     For example, during the pay period of January 31 – February 6, 2020, Ramirez earned a nondiscretionary bonus in the amount of $198.12. (**Exhibit 1.**)

11.     Yet, and pursuant to its uniform policy and practice, WRR failed to include the value of this nondiscretionary bonus when calculating her regular rate of pay and, accordingly, underpaid her. (*Id.*)

12.     Instead, WRR utilized Ramirez's base rate of pay only and multiplied it by 1.5 or 2.0, as otherwise appropriate. (*Id.*)

13.     Consequently, Ramirez and all of WRR's other hourly, nonexempt employees who received commissions, nondiscretionary bonuses, and/or other items of compensation aside from their base hourly rate, and who worked overtime, were not adequately paid for all of the overtime they worked.

14.     The foregoing list of misconduct is a partial list only and set forth by way of example.

## COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff seek to maintain the First Cause of Action as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) as to claims for overtime, liquidated damages (or, alternatively, interest)

---

[2] Exhibits 1-2 are incorporated by this reference as though fully set forth herein. Some Exhibits have been reduced and/or redacted due to their size and content.

and attorneys' fees under the FLSA. In addition to Plaintiff, numerous current and other former hourly, nonexempt employees of WRR were not properly paid for all the overtime they are owed. Ramirez seeks to represent those other current and other former employees and is capable and willing to act on behalf of their interests as well as her own in bringing this action. These similarly situated employees are known to WRR, are readily identifiable, and may be located through WRR's records. These similarly situated employees may be readily notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees under the FLSA.

16. The proposed collective ("FLSA Collective") is defined as follows:

> All current and former hourly, nonexempt employees of WRR who received commissions, non-discretionary bonuses, or other items of compensation and worked overtime during one or more pay periods from July 16, 2017 through the date of trial, and who are not part of the putative class as set forth in the Second Amended Class and Representative Action Complaint in *Avelino Bautista v. Western Refining Retail, LLC*, Alameda County Superior Court Case No. RG19013250.

17. Plaintiff and the FLSA Collective are or were employed by Defendant within the meaning of the FLSA, and regularly worked in excess of forty hours in a workweek.

18. Defendant paid Plaintiff and the FLSA Collective on an hourly basis, plus nondiscretionary bonuses, commissions, and other items of compensation.

19. Defendant failed to properly calculate the regular rate of pay, for overtime purposes under the FLSA, with regard to Ramirez and the FLSA Collective, by failing to incorporate the value of nondiscretionary bonuses, commissions, and other items of compensation.

20. Defendant is and was aware that Plaintiff and the FLSA Collective worked under the foregoing conditions. Regardless, Defendant failed to properly calculate and pay overtime wages earned under the FLSA.

21. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the FLSA Collective.

22. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective. Defendant is and was aware that Plaintiff and the FLSA Collective earned nondiscretionary bonuses, commissions, and other items of compensation.

23. Defendant is and was aware of the FLSA's requirements.

24. Defendant is liable under the FLSA for failing to properly calculate and pay overtime at the employees' regular rate of pay, accounting for the value of nondiscretionary bonuses, commissions, and other items of compensation.

25. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court-supervised notice of this action and the opportunity to join the case. Those similarly-situated persons are known to Defendant and are readily identifiable through Defendant's records.

**INDIVIDUAL ALLEGATIONS**

26. Additionally, and separate from the foregoing, Ramirez was frequently denied the opportunity to take a ten-minute rest period for every four hours worked. Due to, *inter alia,* the fact that Ramirez was frequently manning the gas station and store by herself for extended periods, she was not relieved of all duty and permitted to take such rest breaks. WRR did not pay Ramirez an hour of pay at her regular rate of compensation for every rest period that was unlawfully denied her.

27. Ramirez was also entitled to sick pay pursuant to Labor Code section 245, et seq. Any sick pay used appeared on her wage statements as "Sick". (**Exhibit 2**.)

28. Although Labor Code section 248.5, subdivision (l)(1) mandates that paid sick leave for non-exempt employees be "calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time", WRR failed to include commissions, non-discretionary bonuses and other items of compensation when determining Ramirez' regular rate of pay for purposes of sick pay. (*Id.*)

29. Instead, sick pay was only paid at Ramirez' base hourly rate.

30. Because Ramirez was not properly paid for all her overtime and sick pay at the correct rate of pay, she was not timely paid all wages due and owing during each pay period and at the end of employment.

31. Because of the violations set forth above, and as evidenced in the sample of Ramirez's wage statements attached hereto as **Exhibits 1 and 2**, the wage statements furnished by WRR violated Labor Code section 226(a) insofar as they failed to accurately show:

   a. The gross wages earned, in violation of section 226(a)(1);
   b. The net wages earned, in violation of section 226(a)(5);
   c. All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

32. WRR was, at all times relevant herein, aware of the requirements of Labor Code section 226.

33. WRR has, at all times relevant herein, furnished wage statements to each of its hourly, non-exempt California employees pursuant to an established set of policies, procedures and practices.

34. Ramirez has suffered injury as a result of WRR's knowing and intentional failure to comply with Labor Code section 226(a).

35. Ramirez was unable to promptly and easily determine his gross wages earned from the wage statements furnished by WRR.

36. Ramirez suffered injury as a result of WRR's knowing and intentional failure to furnish wage statements accurately showing the gross wages earned by them in violation of Labor Code section 226(a)(1).

37. Ramirez was unable to promptly and easily determine their net wages earned from the wage statements furnished by WRR.

38. Ramirez suffered injury as a result of WRR's knowing and intentional failure to furnish wage statements accurately showing the net wages earned by them in violation of Labor Code section 226(a)(5).

39. Ramirez was unable to promptly and easily determine all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate from the wage statements furnished by WRR.

40. Ramirez suffered injury as a result of WRR's knowing and intentional failure to furnish wage statements accurately showing all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code section 226(a)(9).

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES AT REGULAR RATE OF PAY
(Collective Action – Fair Labor Standards Act)
**Against WRR**

41. Plaintiff hereby reallege and incorporate by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

42. The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq., requires time-and-a-half pay for the time an employee works over forty hours a week.

43. The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging. (See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.)

44. During the relevant time period, Plaintiff and WRR's other hourly, nonexempt employees regularly worked overtime.

45. During the relevant time period, WRR failed to include commissions, non-discretionary bonuses and/or other items of compensation, when determining the "regular rate of pay" for Plaintiff and their hourly, nonexempt employees.

46. During the relevant time period, WRR failed to properly calculate the "regular rate of pay" for Plaintiff and their other hourly, nonexempt employees.

47. During the relevant time period, WRR intentionally and willfully failed to pay the proper overtime wages due to Plaintiff and their hourly, nonexempt employees.

48. Wherefore, Plaintiff and the other members of the FLSA Collective have been injured as set forth above and requests relief as hereafter provided.

///

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES AT REGULAR RATE OF PAY**
(Lab. Code § 510 & 1198)
**Against WRR**

49. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

50. Pursuant to Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

51. Pursuant to Labor Code section 1198, the maximum hours of work and standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees and the employment of any employee for longer hours than those fixed by the commission or under conditions of labor prohibited by the order is unlawful.

52. The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, commissions, non-discretionary bonuses, and the value of meals and lodging. (See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.)

53. During the relevant time period, Plaintiff regularly worked overtime.

54. During the relevant time period, WRR failed to include commissions, non-discretionary bonuses and/or other items of compensation, when determining the "regular rate of pay" for Plaintiff.

55. During the relevant time period, WRR failed to properly calculate the "regular rate of pay" for Plaintiff.

56. During the relevant time period, WRR failed to pay the proper overtime wages due to Plaintiff.

57. Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

### THIRD CAUSE OF ACTION
### FAILURE TO PROPERLY CALCULATE AND PAY SICK LEAVE
(Lab. Code, §§ 218, 233, 246 *et seq.*)
### Against WRR

58. Plaintiff hereby reallege and incorporate by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

59. Labor Code section 246(l) requires that employers pay sick time pay to non-exempt employees at that employee's "regular rate of pay."

60. The "regular rate of pay" includes all remuneration for employment paid to the employee and includes, but is not limited to, hourly earnings, salary, piece work earnings, shift differentials, commissions, non-discretionary bonuses, and the value of meals and lodging. (See 29 U.S.C. § 207(e); DLSE Enforcement Policies and Interpretations Manual Section 49.)

61. During the relevant time period, WRR failed to include commissions, incentive payments, non-discretionary bonuses, and/or other items of compensation when determining the "regular rate of pay" for Plaintiff and their other hourly, non-exempt California employees for purposes of sick time pay.

62. According to the California Supreme Court, sick pay is a form of wages. (*Murphy v. Kenneth Cole Productions* (2007) 40 Cal.4th 1094, 1103.)

63. Labor Code section 233 provides that "any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5."

64. During the relevant time period, WRR intentionally and willfully failed to pay Plaintiff his sick pay at the rate of pay required by law. Accordingly, Plaintiff did not receive the

full amount of paid sick time that he was entitled to receive by law, and was therefore denied the right to use sick leave within the meaning of Labor Code sections 233(a) and (c).

65. Any employer who violates Labor Code section 233 is liable to employees for the greater of one days' pay or actual damages, reasonable equitable relief, and reasonable attorneys' fees and costs. (Lab. Code, § 233, subds. (d), (e).)

66. Further, Labor Code section 218 authorizes a private right of action to recover unpaid wages

67. Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE AT END OF EMPLOYMENT**
**(Lab. Code, § 201, *et seq.*)**
**Against WRR**

68. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

69. Labor Code section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

70. Labor Code section 202 requires an employer to pay an employee all earned wages within 72 hours of the employee quitting his or her employment, or immediately at the time of quitting if the employee has given 72 hours previous notice of his or her intention to quit.

71. As set forth above, Plaintiff was not timely paid all earned but unpaid wages or meal and rest break premiums when her employment with WRR ended.

72. Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

///
///
///
///

## FIFTH CAUSE OF ACTION
## FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS
### (Lab. Code, § 226(a))
### Against WRR

73. Plaintiff hereby reallege and incorporate by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

74. Pursuant to Labor Code section 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee [. . .], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer [. . .], (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer [. . .], the rate of pay and the total hours worked for each temporary services assignment."

75. An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees. (Lab. Code, § 226, subd. (e)(1).)

76. An employee is deemed to suffer injury if the employer fails to provide a wage statement or if the employer fails to provide accurate and complete information as required by any one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the employee

during the pay period or any of the other information required to be provided pursuant to Labor Code section 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer, iii) the name and address of the employer and iv) the name of the employee and the last four digits of his or her social security number or employee identification number. (Lab. Code, § 226, subds. (e)(2)(A), (B)(i)-(iv).) "Promptly and easily determine" means a reasonable person would be able to readily ascertain the information without reference to other documents or information. (Lab. Code, § 226, subd. (e)(2)(C).)

77. As set forth above, WRR intentionally and willfully failed to furnish accurate itemized wage statements which complied with Labor Code section 226.

78. Wherefore, Plaintiff has been injured as set forth above and requests relief as hereafter provided.

### SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE REST PERIODS OR PAY PREMIUMS
### (Lab. Code, § 226.7)
### Against WRR

79. Plaintiff hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

80. Labor Code section 226.7 requires employers to provide employees meal periods as mandated by Order of the Industrial Welfare Commission. It states:

a. No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

b. If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

81. Section 11 of the applicable IWC Wage Order provides:

"(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. Nothing in this provision shall prevent an employer from staggering rest periods to avoid interruption in the flow of work and to maintain

continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time for every four (4) hours worked, or major fraction thereof. Rest periods shall take place at employer designated areas, which may include or be limited to the employees' immediate work area.

(B) Rest periods need not be authorized in limited circumstances when the disruption of continuous operations would jeopardize the product or process of the work. However, the employer shall make up the missed rest period within the same workday or compensate the employee for the missed ten (10) minutes of rest time at his/her regular rate of pay within the same pay period.

(C) A rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(D) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

82. During the relevant time period, Plaintiff was not provided with rest breaks as required by law and did not receive an additional hour of premium pay for each missed rest break.

83. Wherefore, Plaintiff has been injured and requests relief as hereinafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against WRR as follows:

**As to the First Cause of Action:**

1. That this Court designate this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated, apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

2. That this Court issue a finding that Defendant's FLSA violations are willful;

3. That this Court award unpaid wages;

4. That this Court award penalties and liquidated damages including, but not limited to, those available under 29 U.S.C. § 216(b), 29 U.S.C. § 260;

5. That this Court award statutory attorneys' fees and costs, including those available under 29 U.S.C. § 216(b);

6. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

7. That this Court award such other and further relief as the court deems just and proper.

**As to the Second through Sixth Causes of Action:**

1. That this Court award injunctive relief, including that available under Labor Code sections 226(h) and 248.5(e), as well as Business and Professions Code section 17203;

2. For liquidated damages, including those available under Labor Code section 1194.2;

3. That this Court award unpaid wages as well as restitutionary relief;

4. That this Court award statutory penalties, including those available under Labor Code sections 203 and 226;

5. That this Court award statutory attorneys' fees and costs, including those available under Labor Code sections 218.5, 226(e)(1) and (h), 248.5(e), 1194, as well as those available under Code of Civil Procedure section 1021.5;

6. That this Court award injunctive relief, including that available under Labor Code section 226(h);

7. That this Court award prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law; and

8. That this Court award such other and further relief as the court deems just and proper.

///

DATED: November 5, 2020               MAYALL HURLEY P.C.

                              By _____ /s/ John P. Briscoe _____
                                      ROBERT J. WASSERMAN
                                      JOHN P. BRISCOE
                                      RACHEL ALLGAIER
                                      Attorneys for Plaintiff

# Exhibit 1

| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | |
|---|---|---|---|---|---|
| Y1G | 102706 | 629010 | 0000071170 078897 | 1 | |

007-0134

**Western Refining**

WESTERN REFINING RETAIL, LLC
500 SPEEDWAY DRIVE
ENON, OHIO 45323

**Earnings Statement**

**ADP**

Period Beginning: 01/31/2020
Period Ending: 02/06/2020
Pay Date: 02/13/2020

Taxable Marital Status: Single
Exemptions/Allowances:
   Federal: 2
   CA: 7

JOANNA L RAMIREZ

Social Security Number:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 14.5000 | 30.50 | 442.25 | 3,402.89 |
| Cell Ph Allow | | | 5.77 | 40.39 |
| Ot Unscheduled | 21.7500 | 7.87 | 171.17 | 171.17 |
| Str Mgr Incent | | | 198.12 | 374.49 |
| Hldy Observerd | | | | 63.08 |
| Holiday | | | | 102.34 |
| Sick | | | | 116.00 |
| **Gross Pay** | | | **$817.31** | 4,270.36 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Floatng Holiday | | 16.00 |
| Sick | | 56.00 |

**Important Notes**
YOUR EMPLOYER PHONE NUMBER IS 1-888-225-5735

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -85.48 | 323.53 |
| | Social Security Tax | -50.67 | 264.76 |
| | Medicare Tax | -11.85 | 61.92 |
| | CA State Income Tax | -20.27 | 38.31 |
| | CA SUI/SDI Tax | -8.17 | 42.70 |
| **Net Pay** | | **$640.87** | |
| | Checking 1 | -640.87 | 3,539.14 |
| **Net Check** | | **$0.00** | |

Your federal taxable wages this period are $817.31

---

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

**Western Refining**

WESTERN REFINING RETAIL, LLC
500 SPEEDWAY DRIVE
ENON, OHIO 45323

Advice number: 00000071170
Pay date: 02/13/2020

Deposited to the account of
JOANNA L RAMIREZ

account number    transit ABA    amount
$640.87

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK. HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

# Exhibit 2

CO FILE DEPT. CLOCK VCHR. NO.
Y1G 102706 629010      0000111173 1
      SEQ 002108       078897
                        006-0134

**Western Refining**

WESTERN REFINING RETAIL, LLC
500 SPEEDWAY DRIVE
ENON, OHIO 45323

# Earnings Statement

**ADP**

Period Beginning:   02/28/2020
Period Ending:      03/05/2020
Pay Date:           03/12/2020

Taxable Marital Status:   Single
Exemptions/Allowances:
    Federal:   2
    CA:        7

Social Security Number:

JOANNA L RAMIREZ

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 14.5000 | 26.92 | 390.34 | 5,300.95 |
| Cell Ph Allow | | | 5.77 | 63.47 |
| Sick | 14.5000 | 8.00 | 116.00 | 232.00 |
| Str Mgr Incent | | | 235.31 | 609.80 |
| Hldy Observerd | | | | 63.08 |
| Holiday | | | | 102.34 |
| Ot Unscheduled | | | | 171.17 |
| **Gross Pay** | | | **$747.42** | 6,542.81 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Floatng Holiday | | 16.00 |
| Sick | | 48.00 |

**Important Notes**
YOUR EMPLOYER PHONE NUMBER IS 1-888-225-5735

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -80.81 | 490.10 |
| | Social Security Tax | -46.34 | 405.65 |
| | Medicare Tax | -10.84 | 94.87 |
| | CA State Income Tax | -24.07 | 62.38 |
| | CA SUI/SDI Tax | -7.48 | 65.43 |
| **Net Pay** | | **$577.88** | |
| | Checking 1 | -577.88 | 5,424.38 |
| **Net Check** | | **$0.00** | |

Your federal taxable wages this period are $747.42

© 1998, 2006. ADP, LLC    All Rights Reserved.

© 2000 ADP, LLC

▼ TEAR HERE

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

**Western Refining**

WESTERN REFINING RETAIL, LLC
500 SPEEDWAY DRIVE
ENON, OHIO 45323

Advice number:   00000111173
Pay date:        03/12/2020

Deposited to the account of
JOANNA L RAMIREZ

account number    transit ABA    amount
                                 $577.88

THIS IS NOT A CHECK

# NON-NEGOTIABLE

THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK.    HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.